Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 8861 | DATE | 4/20/2000 |
| CASE TITLE | RUTH FIGUEROA vs. CITY OF CHICAGO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Motions *in Limine*

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motions *in limine* [229-1; 231-1; 233-1; 234-1; 236-1; 237-1] are granted in part and denied in part. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| X | No notices required, advised in open court. | | |
| X | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 2 4 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | *docketing deputy initials* | 261 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| jad | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUTH FIGUEROA,                        )
                                      )
                 Plaintiff,           )   No. 97 C 8861
                                      )
     v.                               )   Suzanne B. Conlon, Judge
                                      )
CITY OF CHICAGO, a municipal          )
corporation, RUDY URIAN, and MAZE     )
COBURN,                               )
                                      )
                 Defendants.          )

DOCKETED
APR 24 2000

## MEMORANDUM OPINION AND ORDER

Ruth Figueroa ("Figueroa") sues the City of Chicago ("City") for sexual harassment under Title VII, and Rudy Urian ("Urian") under 42 U.S.C. § 1983 for violation of her right to be free from sexual harassment under the equal protection clause. Figueroa also sues Urian and Maze Coburn ("Coburn") for intentional infliction of emotional distress, and Coburn for willful and wanton assault. The parties move *in limine* to exclude a substantial amount of evidence.

## DISCUSSION

The background of the case is discussed in this court's order of March 1, 2000 granting partial summary judgment. Motions *in limine* are disfavored. Hawthorne Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. Evidentiary rulings should be deferred until trial so questions of foundation,

competency, relevancy and potential prejudice may be resolved in proper context. <u>Middleby Corp. v. Hussmann Corp.</u>, No. 90 C 2744, 1993 WL 151290, at *1 (N.D. Ill. May 7, 1993); <u>General Electric Capital Corp. v. Munson Marine, Inc.</u>, No. 91 C 5090, 1992 WL 166963, at *1 (N.D. Ill. July 8, 1992). See generally 21 Charles A. Wright, Kenneth W. Graham, Jr., Federal Practice and Procedure §§ 5037, 5042 (1977 & Supp. 1993). Nevertheless, pursuant to their authority to manage trials, federal district courts may exclude evidence in advance of trial when the evidence is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4 (1984).

I. CITY'S MOTIONS *IN LIMINE*

A. Contested Motions

*First*, the City (joined by Urian and Coburn) moves to bar evidence that the City will indemnify Urian or Coburn for compensatory damages. The City argues reference to indemnification is akin to a reference to insurance, which is precluded under Fed. R. Evid. 411. The City contends reference to its "deep pockets" is highly prejudicial under Fed. R. Evid. 403. Figueroa responds, without elaboration, that she would suffer prejudice if not allowed to question Urian or Coburn about possible indemnification. Figueroa presents no reasons why this evidence would be sufficiently probative to warrant introduction at trial. Accordingly, the court grants this motion because

2

evidence of indemnification would be unfairly prejudicial under the balancing test of Fed. R. Evid. 403. See Walker v. Saenz, 1992 WL 317188, at *3 (N.D. Ill. Oct. 27, 1992) (Williams, J.).

*Second*, the City seeks to bar evidence that in December 1997 Figueroa moved for a temporary restraining order that defendants not retaliate against her. The City argues that this evidence would be unduly prejudicial under Rule 403 because the motion was ultimately resolved by the parties and because the motion related solely to Figueroa's allegations of retaliation and has no bearing on her Title VII hostile work environment claim against the City. Figueroa responds that the hearing is relevant despite entry of summary judgment in favor of the City on her Title VII retaliation claim because, as a result of her seeking the order, the City modified its practices in combating sexual harassment and distributed notices in the workplace cautioning against retaliation. Figueroa argues that the fact that some of the City's actions to alleviate sexual harassment and retaliation resulted from her efforts in this suit is relevant to defeating the City's affirmative defense under Burlington Indust., Inc. v. Ellerth, 524 U.S. 742 (1988).

In Ellerth, the Supreme Court held that an employer may assert an affirmative defense to strict liability for a supervisor's sexual harassment of a subordinate when no tangible employment action is taken by showing (1) the employer exercised

reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Ellerth, 524 U.S. at 765. Presumably, Figueroa believes the City's distribution of notices cautioning against retaliation indicates that the City's procedures for addressing sexual harassment at the time of her alleged harassment were not reasonable. However, Figueroa fails to state how evidence of the City's cautioning against retaliation is probative of the adequacy of its procedures in dealing with sexual harassment. Evidence that the City lacked appropriate safeguards against retaliation for complaining about sexual harassment is not probative of the adequacy or reasonableness of the City's safeguards for addressing sexual harassment in the first instance. Accordingly, Figueroa may not introduce evidence of her motion for a temporary restraining order.

*Third*, the City moves to bar evidence concerning discrimination or harassment of Figueroa or of any other employee based on national origin, heritage or race. Evidence of discrimination based on race, national origin, or ethnicity is not relevant to whether Figueroa was subject to a sexually hostile work environment. However, evidence of Urian and Coburn's racial or ethnic harassment of Figueroa may be relevant

4

to Figueroa's intentional infliction of emotional distress claims against Urian and Coburn. Accordingly, this motion is denied. The relevance and potential prejudice of such evidence must be ascertained in the context of trial.

*Fourth*, the City moves (in two separate motions) to bar Figueroa from introducing any evidence other than evidence of sexually explicit graffiti to support her Title VII claim. Specifically, the City seeks to bar evidence of Urian's allegedly sexually harassing conduct. These motions are denied. The court determined in its March 1, 2000 order that Figueroa's Title VII claim against the City based on Urian's harassment is time-barred. The court also stated that "Figueroa may only pursue her Title VII harassment claim against the City to the extent it is based on sexually explicit graffiti." Mem. Op. at 15. However, this statement must be taken in context. The only allegedly harassing conduct at issue on summary judgment was the graffiti and Urian's sexual advances and threats. The City argued that Urian's conduct was time-barred and could not support the harassment claim. The court agreed. But the court was not presented with, nor was it asked to rule upon, all conduct potentially contributing to a sexually hostile work environment. Whether evidence of sexual harassment other than the explicit graffiti is admissible must be determined at trial. Moreover,

the court noted in its March 1 order that Figueroa alleged conduct by Urian concerning his failure to respond to sexually explicit graffiti. The court concluded this conduct concerned Figueroa's graffiti claim and that the conduct was not time-barred. Accordingly, Figueroa may introduce evidence of Urian's failure to respond to the graffiti. Finally, "evidence of the time-barred acts is admissible as background evidence." Berggruen v. Caterpillar, Inc., 1995 WL 708665, at *4 (N.D. Ill. Nov. 29, 1995) (Castillo, J.) (citing Mathewson v. Nat'l Automatic Tool Co., 807 F.2d 87, 91 (7th Cir.1986) ("[I]t is well settled that evidence of earlier discriminatory conduct by an employer that is time-barred is nevertheless entirely appropriate evidence to help prove a timely claim")).

*Fifth*, the City (joined in part by Urian) moves to bar evidence (1) that the City has a policy, pattern, or practice of sexual harassment of women; (2) that other employees believe they have been subject to sexual harassment or have filed sexual harassment complaints, including the number and nature of such complaints; and (3) evidence of sexually explicit conduct and material, such as pornographic photographs, to which Figueroa was not subjected. The City argues this evidence is irrelevant to Figueroa's own individual claim that she personally was subject to a sexually hostile work environment. This motion is denied. In general, the probative value of other discriminatory acts

depends on their relevance to the plaintiff's complaints and the nature of the discrimination charge. Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1424 (7th Cir. 1986). Evidence of a pattern or practice of discrimination is potentially relevant to Figueroa's Title VII claim. Guzman v. Abbott Laboratories, 61 F. Supp.2d 784, 786 (N.D. Ill. 1999); Hicks v. Gates Rubber Co., 833 F.2d 1406, 1415 (10th Cir. 1987); Vinson v. Taylor, 753 F.2d 141, 146 & n. 40 (D.C. Cir. 1985). Whether the evidence Figueroa wishes to offer on this point is probative of discrimination or unfairly prejudicial must be evaluated at trial.

*Sixth*, the City seeks to bar evidence of harassment, racially derogatory comments, and profanity by Noel Murtagh ("Murtagh"). The City argues this evidence is not probative of sexual harassment against Figueroa. The City contends that, at most, this evidence demonstrates Murtagh's personal animosity toward Figueroa, but not his hostility toward Figueroa based on her gender. The City further contends that evidence Murtagh retaliated against Figueroa should be excluded because summary judgment was entered in its favor on Figueroa's retaliation claim.

This motion is granted in part. The court agrees that most of the evidence of Murtagh's alleged harassment is not sexual in nature. To the extent that evidence concerns race-based harassment or a general animosity toward Figueroa, it is

7

irrelevant. However, Figueroa may offer evidence of harassment and derogatory comments by Murtagh to the extent the comments are probative of harassment sexual in nature. Acts of alleged retaliation by Murtagh are relevant only to the extent they are also probative of sexual harassment.

*Seventh*, the City moves to bar evidence of the political affiliations, connections, and contacts of various City employees. This motion is denied as conclusory and overbroad. This evidence is potentially relevant to Figueroa's attempt to overcome the second prong of the Ellerth affirmative defense. To overcome this prong, Figueroa must show her failure to take advantage of preventative or corrective measures offered by the City was reasonable. Although "an employee's *subjective* fears of confrontation, unpleasantness or retaliation do not alleviate the employee's duty under Ellerth to alert the employer to the allegedly hostile environment," Shaw v. AutoZone, Inc., 180 F.3d 806, 813 (7th Cir. 1999), those fears meet the second Ellerth prong to the extent they are reasonable. This evidence could show that Figueroa's failure to take advantage of the City's harassment complaint procedures was based on a reasonable belief that her supervisors could use their political connections and positions to institute adverse repercussions against her and her husband.

*Eighth*, the City seeks to bar numerous types of evidence of

8

retaliation resulting from Figueroa's complaints of sexual harassment. This motion is denied as conclusory and overbroad. The City claims such evidence is irrelevant because summary judgment was entered against Figueroa on her retaliation claim. However, the disputed conduct is potentially probative of sex-based discrimination as well as retaliation. The relevance and admissibility of this evidence must be determined at trial.

*Finally*, the City moves to bar Figueroa's health care providers from testifying as experts. The City argues that Figueroa has not identified any of her health care providers as expert witnesses and has not provided expert reports from those providers pursuant to Fed. R. Civ. P. 26(a)(2). However, Figueroa does not offer her treating physicians as "experts" within the meaning of Rule 26. Rule 26(a)(2)(B) requires an expert report only "with respect to a witness who is retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). An expert report was not required of Figueroa's health care providers because they were not retained for the purpose of providing expert testimony. See Richardson v. Consolidated Rail Corp., 17 F.3d 213, 218 (7th Cir. 1994) ("A doctor is not an 'expert' if his or her testimony is based on ... observations during the course of treating; if testimony was not acquired or developed in anticipation of litigation or for trial and if the testimony is based on personal

9

knowledge") (internal quotation marks omitted). See also <u>Harlow v. Eli Lilly & Co.</u>, 1995 WL 319728 at *3 (N.D. Ill. May 25, 1995) (Conlon, J.) (treating physician need not produce an expert report pursuant to Rule 26(a)(2)(B)). Accordingly, the City's motion is denied.

### B. Uncontested Motions

The following motions by the City are not contested and are therefore granted: Motions to (1) bar reference to the City's attorneys as assistants corporation counsel or "the government"; (2) bar Figueroa from seeking punitive damages against the City; (3) bar reference to Murtagh, Rick Santella, or Eileen Joyce as "defendants" or "former defendants"; (4) bar evidence regarding general allegations of greed, corruption, or nepotism within the City or the department of fleet management; (5) bar evidence regarding investigation of Figueroa's sexual harassment complaints by the Inspector General's office and investigations of Joe Chiczewski by the Inspector General's office.

## II. URIAN'S MOTIONS *IN LIMINE*

*First,* Urian moves to bar evidence of his alleged sexual harassment of Figueroa occurring prior to December 22, 1995 and after January 7, 1997. Urian claims such evidence is based on conduct that is time-barred and thus cannot be the basis of Figueroa's claims. This motion is denied. As discussed, evidence of the time- barred acts is admissible as background

10

evidence.

*Second*, Urian moves to bar evidence that he has a reputation as a "womanizer" or that he sexually harassed other women. Urian contends this evidence constitutes unsubstantiated hearsay. Neither Urian nor Figuroa identify the evidence at issue, so the court is unable to determine whether it is inadmissable. The motion must be denied.

*Third*, Urian moves to bar evidence that he intimidated, harassed, or threatened Figueroa for filing sexual harassment claims. This motion is denied. Although the court entered summary judgment in favor of the City on Figueroa's Title VII retaliation claim against the City, evidence of Urian's threats and retaliation following Figueroa's complaints of sexual harassment are relevant to the claim of intentional infliction of emotional distress against Urian. The evidence may also be relevant to Figueroa's § 1983 sexual harassment claim against Urian to the extent Figueroa shows Urian engaged in the conduct because of Figueroa's sex

*Fourth*, Urian moves to bar evidence of or reference to punitive damages as an element of Figueroa's claim for intentional infliction of emotional distress. This motion is moot. Figueroa does not seek punitive damages on her intentional infliction of emotional distress claim against Urian.

*Fifth*, Urian (joined by Coburn) moves to (1) bar evidence

11

regarding alleged prior acts of their misconduct, and (2) bar Figueroa from arguing or commenting on allegations of misconduct by City employees. These motions are denied as vague and overbroad.

*Sixth*, Urian (joined by Coburn) moves to bar Figueroa from referring to or calling undisclosed witnesses or introducing undisclosed exhibits not identified in the pre-trial order. This motion is moot. Figueroa agrees to abide by the federal and local rules for introduction of witnesses and evidence.

III.     COBURN'S MOTIONS *IN LIMINE*

*First,* Coburn moves to bar evidence that he is or is rumored to be a drug dealer. Figueroa wishes to introduce evidence that Coburn wrote a letter to Figueroa's supervisor accusing Figueroa of spreading rumors that Coburn is a drug dealer. Figueroa denies that she ever called Coburn a drug dealer. Coburn contends the letter is irrelevant, presumably because he wrote the letter after other employees told him that Figueroa was spreading the rumors, and not because he wished to accuse Figueroa as a form of harassment. The letter is relevant to the forms of harassment allegedly undertaken by Coburn, and Coburn's motivation in writing the letter involves a credibility determination properly left to the jury. Accordingly, this motion is denied.

*Second,* Coburn moves to bar evidence that he was kidnapped

or car-jacked. This motion is moot, as Figueroa does not object.

IV. **FIGUEROA'S MOTIONS *IN LIMINE***

A. Non-Confidential Motions

*First,* Figueroa moves to bar evidence that Urian and his wife acted as godparents of her daughter in mid-1995. Figueroa asserts this evidence would be used to show Urian acted in a respectable manner. Figueroa contends this evidence constitutes a specific instance of inadmissible character evidence under Fed. R. Evid. 608(b). Moreover, Figueroa argues the evidence is not probative of her truthfulness, because her husband made the decision to ask Urian to be a godparent and because the christening occurred prior to the alleged misconduct. The motion is meritless. It is not clear when the christening occurred, and whether it occurred after Urian's alleged harassment began. Evidence that Urian was a godparent to Figueroa's child is relevant to the nature and extent of the social and personal relationship between Figueroa and Urian.

*Second,* Figueroa moves to bar evidence of the dates when she married her husband and when their children were born. This motion is denied. Although this evidence does not appear relevant, defendants assert that at least one incident of alleged harassment occurred near the time of the Figueroas' wedding and involved references to the wedding. The admissibility of this evidence must be adduced at trial.

13

*Third,* Figueroa moves to bar any reference to her or her husband's prior marital history. This motion is denied. Figueroa states that she suffered physical abuse from a prior husband, but that this evidence is irrelevant and unfairly prejudicial. However, Figueroa claims she suffered pain, suffering, and emotional injury from defendants' conduct. Events in Figueroa's prior marital history that could cause pain, suffering, or emotional injury, such as physical abuse from a husband, are probative of whether or not defendants' actions caused the injuries and suffering at issue. McCleland v. Montgomery Ward, Inc., 1995 WL 571324 (N.D. Ill. Sept. 25, 1995) (Conlon, J.).

*Fourth,* Figueroa moves to bar evidence of a verbal and physical altercation between Ruben Melendez and Garrick Mueller in August 1997, which resulted in transfer of Melendez out of the City garage where Figueroa worked. Apparently, Melendez will testify regarding the atmosphere at Figueroa's garage and that Mueller was the suspect creator of the graffiti. Figueroa contends the altercation between Melendez and Mueller is a collateral issue. However, evidence of the altercation between Melendez and Mueller is potentially probative of Melendez's possible bias or motive to fabricate testimony. Accordingly, this motion is denied.

*Fifth,* Figueroa moves to bar evidence of the 24-hour reports

14

prepared at her worksite. This motion is denied. Figueroa contends this evidence is irrelevant to her harassment and hostile work environment claims, as it is simply a collateral attack on her work performance. However, Figueroa contends Coburn intentionally inflicted emotional distress by intensely scrutinizing her work and having hostile exchanges with her concerning her performance. Coburn contends these exchanges were based on Figueroa's role in the errors of the 24-hour reports. Consequently, evidence of the 24-hour reports may be probative of whether Coburn's criticisms of Figueroa had a basis in her performance, or whether they were intended only to harass and distress her.

*Sixth*, Figueroa moves to bar evidence that she did not attend an interview with the City's sexual harassment office in 1998 to discuss her allegations of harassment against Urian. This motion is denied. Figueroa claims that she viewed the sexual harassment office as an adversary at that time because she had already filed suit. Figueroa also claims she did not attend the interview on the advice of her attorney, and summarily asserts that introduction of this evidence would violate the attorney-client privilege. This conclusory statement does meet Figueroa's burden of establishing privilege. Moreover, evidence that Figueroa did not report Urian's harassment is potentially relevant as to whether Figueroa hindered the City's investigation

of that harassment and whether the City is liable for that harassment.

*Seventh*, Figueroa seeks to bar evidence from or concerning Leo Yoder, claiming prejudice and irrelevance. This motion is denied as vague. The subject matter of the testimony is simply not clear from the briefs.

*Finally*, Figueroa moves to bar references to the fact that a party does not have an expert on an issue and related reasons. Figueroa cites no legal authority for this proposition. The motion is denied.

B.  Confidential motions

Figueroa also submits the following purportedly "confidential" motions *in limine*:

*First*, Figueroa moves to bar evidence of domestic violence between herself and her husband. This motion is denied. Figueroa contends defendants' actions caused physical and emotional injury. Evidence of domestic violence caused by Figueroa's husband is probative of the cause of Figueroa's injuries, and may be used to rebut her claim that defendants' caused her injuries.

*Second*, Figueroa moves to bar evidence that she gave two guns owned by her or her husband to Urian after her husband threatened her with one of the guns. Figueroa believes defendants will use this instance of approaching Urian for

assistance to discredit her claim that she feared Urian. Figueroa argues this evidence is inadmissible because defendants cannot attack her credibility with specific instances of character evidence. Figueroa also argues that the court should bar cross-examination on this issue because it is not probative of her truthfulness. This motion is denied. Defendants contend the guns are relevant because Figueroa destroyed them after receiving a discovery request for the guns. This action may be probative of Figueroa's credibility.

*Third*, Figueroa moves to bar evidence of her past psychiatric history and hospitalization in 1991. This motion is denied. As discussed, Figueroa's prior emotional injuries and medical condition are probative of whether her alleged injuries were caused by defendants' actions, or whether they stem from preexisting conditions.

*Fourth*, Figueroa moves to bar evidence that her husband stayed at the residence of Urian's mother for a month in 1996. This motion is denied. Evidence that Figueroa's husband stayed at Urian's mother's house after Urian began allegedly harassing Figueroa is probative of the relationship between Figueroa and Urian.

*Finally*, Figueroa moves to exclude evidence regarding Lesley Stephens' work performance and a violence in the workplace complaint made against Stephens in September 1999. Defendants

17

state they do not intend to introduce this evidence. Accordingly, this motion is moot.

## CONCLUSION

The motions *in limine* are granted in part and denied in part.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 20, 2000