Minute Order Form (3/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8861 | **DATE** | 7/20/2000 |
| **CASE TITLE** | RUTH FIGUEROA vs. CITY OF CHICAGO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Maze Coburn's bill of costs is granted in part. Coburn may recover $2,280.65 in costs. Plaintiff Ruth Figueroa is directed to pay Coburn $2,280.65 in costs. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 4 2000 | 35 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | SC | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/20/2000 | |
| | | | date mailed notice | |
| WS | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUTH FIGUEROA, | ) ) | |
| Plaintiff, | ) ) | No. 97 C 8861 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| CITY OF CHICAGO, et al. | ) ) | |
| Defendant. | ) ) ) | |

DOCKETED
JUL 24 2000

## MEMORANDUM OPINION AND ORDER

In a sexual harassment suit against multiple defendants, Ruth Figueroa ("Figueroa") sued Maze Coburn ("Coburn") for intentional infliction of emotional distress and willful and wanton assault. At the close of Figueroa's case, the court entered judgment as a matter of law in Coburn's favor. Coburn submits his bill of costs pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1920.

## DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The costs that may be recovered pursuant to Rule 54(d) are specified in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Costs include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies "of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying

them." Id. (citing Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988)). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).

Initially, Figueroa argues that Coburn is not entitled to costs at all because the City of Chicago, a co-defendant in this case and Coburn's employer, paid Coburn's costs. Figueroa cites no authority for this proposition. While Figueroa acknowledges that an insured who prevails at trial may recover costs from the losing party even though the insured's insurer paid the costs, see, e.g., Sozio v. Sears, Roebuck & Co., 1994 U.S. Dist. LEXIS 7131, at *4 (E.D. Pa. May 24, 1994), she argues this case differs. First, she claims that because Coburn did not in fact incur any costs, he would receive a windfall if he is awarded costs. However, this is no different than the situation when the losing party is directed to pay its costs even though the insured's insurer already has paid the costs. Rule 54(d) directs that the "prevailing party" may recover costs; it does not bar costs when some other party happens to underwrite the prevailing party's costs as well. Second, Figueroa asserts that because the City lost at trial, allowing Coburn to recover costs when the City has already paid Coburn's costs will allow the City to "virtually" retrieve costs it otherwise would not be able to recover on Figueroa's claims against it. This argument is specious. If Coburn is awarded costs, Coburn receives the benefit. If Coburn transfers that award to the City, it would be a reimbursement for the City's payment of his costs in the first instance. At most, the City breaks even and does not recover excess costs to which it is otherwise not entitled. Rather, the City is simply reimbursed for paying Coburn's costs.

The court now turns to Coburn's costs. Coburn seeks $2,695.65 comprised of: (1) $751.65 for court reporter fees; (2) $1,914 for copying; and (3) $30 for hearing transcripts.

1.  **Court Reporter Fees**

Coburn submits sufficient documentation supporting his claim of $751.65 in court reporter fees, and Figueroa does not object to these fees. Accordingly, Coburn may recover $751.65 in court reporter fees.

2..  **Copying Costs**

Figueroa objects to the $1,914 in copying costs. The total is based on a rate of $.20 per page. Figueroa objects to this rate and asserts that $.15 per copy is a fair cost. However, Figueroa fails to cite any authority establishing that $.20 per page is unreasonable. Moreover, judges in this district have found $.20 per page to be a reasonable charge. See Kateeb v. Dominick's Finer Foods, Inc., 1997 WL 630185, at *1 (N.D. Ill. Sept. 30, 1997) (Kocoras, J.); Medley v. Turner, 1995 WL 358836, at *1 (N.D. Ill. June 13, 1995) (Castillo, J.). Accordingly, Coburn may recover copying costs based on a rate of $.20 per page.

Figueroa next argues that Coburn seeks to recover for copies of his court filings made for his own use. While Coburn may not recover the costs of copies made for his personal use, his is entitled to reimbursement for copies of pleadings filed with the court and submitted to opposing counsel. McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990); Marlborough v. American Steel Foundries, 1996 WL 401938, at *2 (N.D. Ill. July 16, 1996) (Conlon, J.). Coburn made six copies of his court filings: one copy filed with the court;[1] one copy filed with the clerk of court; one

---

[1] It is not clear whether Coburn filed the original or a copy of each pleading with the court. Figueroa argues that Coburn cannot recover the costs of the original, only the costs of making copies. In support, she relies on Martin v. United States, 931 F.2d 453, 455 (7th Cir. 1991). However, Martin dealt with the recovery of costs under Fed. R. App. P. 39, not Fed. R. Civ. P. 54. Moreover, Martin discussed the distinction between the cost of a making a copy and the cost of composing the underlying original document. Although Coburn styles his pleading filed with the court as "originals," he does not seek to recover composition costs; he seeks only to recover the copying cost.

3

copy given to Figueroa; one copy given to the City; one copy given to Rudy Urian, another codefendant; and one copy retained for his records. Coburn may not recover for copies retained for his personal use. Accordingly, the amount sought for those copies ($81.40) is not recoverable. Figueroa also argues Coburn may not recover the costs of copies of court filings given to his codefendants. Figueroa cites no authority for this proposition; copies given to codefendants are copies produced "for use in the case."

Figueroa objects to Coburn's recovery for copies of depositions of eight potential witnesses (Joe Chizewski, Herberto Felix, Andrea Gomberg, Thomas Hayden, Rubin Melendez, Chris Memet, Maria Mendoza, and James Moskal) and Noel Murtagh, who was at one time Coburn's codefendant (summary judgment was granted in Murtagh's favor prior to trial). Figueroa claims the testimony of these deponents primarily involved sexual harassment and was therefore not relevant to her intentional infliction of emotional distress and assault claims against Coburn. Coburn does not explain why he believed the testimony of the eight witnesses to be relevant or necessary to his case. Therefore, he may not recover the costs of copying their depositions ($303.60). However, copying Murtagh's deposition was necessary, as Murtagh was a codefendant.

In sum, Coburn may recover $1,529 in copying costs ($1,914 - 81.40 - $303.60)

### 3. Hearing Transcripts

Coburn seeks $30 for the cost of a transcript of a status hearing. However, Coburn does not explain how this transcript was necessary to the case. Accordingly, Coburn may not recover the $30 hearing transcript fee.

4

## CONCLUSION

Coburn's bill of costs is granted in part. Coburn may recover $2280.65 in costs ($751.65 in court reporter fees + $1,529 in copying costs).

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 20, 2000