# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8861 | **DATE** | 7/20/2000 |
| **CASE TITLE** | RUTH FIGUEROA vs. CITY OF CHICAGO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Rudy Urian's motion for judgment as a matter of law [304-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 4 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | S.B. docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 7/20/2000 date mailed notice |
| WS | courtroom deputy's initials | | jad mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUTH FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 97 C 8861 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUL 24 2000

## MEMORANDUM OPINION AND ORDER

Ruth Figueroa ("Figueroa") sued the City of Chicago ("City") and multiple individual defendants claiming she was sexually harassed while working for the City. Relevant to the present motion, Figueroa sued Rudy Urian ("Urian") under 42 U.S.C. § 1983 for sexual harassment in violation of the equal protection clause (Count I) and for intentional infliction of emotional distress (Count III). Following trial, the jury entered a verdict in favor of Urian on Figueroa's intentional infliction of emotional distress claim, but entered a verdict in favor of Figueroa on her § 1983 sexual harassment claim. Urian moves for judgment as a matter of law on Figueroa's § 1983 claim pursuant to Fed. R. Civ. P. 50(b).

## DISCUSSION

Judgment as a matter of law under Rule 50 is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); Cefalu v. Village of Elk Grove, 211 F.3d 416, 422 (7th Cir. 2000). Judgment as a matter of law is inappropriate when "'the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed

in the light most favorable to the party against whom the motion is directed.'" Mathur v. Board of Trustees of Southern Illinois University, 207 F.3d 938, 941 (7th Cir. 2000) (quoting Emmel v. Coca-Cola Bottling Co. of Chicago, 95 F.3d 627, 629 (7th Cir. 1996)). In reviewing a motion for judgment as a matter of law, the court must refrain from substituting its view of the contested evidence for that of the jury. Mathur, 207 F.3d at 941.

In order to prevail on a §1983 claim of sexual harassment in violation of the equal protection clause, a plaintiff must show both (1) sexual harassment, and (2) an intent to harass the plaintiff based on the plaintiff's membership in a particular class of citizens – male or female. Trautvetter v. Quick, 916 F.2d 1140, 1149 (7th Cir. 1990); King v. Board of Regents of the University of Wisconsin System, 898 F.2d 533, 538 (7th Cir. 1990). The inquiry under the harassment prong mirrors that used to evaluate Title VII harassment claims; the plaintiff must show that the harassment was sufficiently severe or pervasive so as to alter the conditions of the victim's employment and create an abusive working atmosphere and that the advances were unwelcome. Trautvetter, 916 F.2d at 1149 (citations omitted). Under the second prong, a female plaintiff must prove the defendant's harassment resulted from an intent to discriminate against her because of her gender -- her status as a female -- and not because of characteristics personal to her. Id. at 1151; Bohen v. City of East Chicago, 799 F.2d 1180, 1187 (7th Cir. 1986). In making this showing, the plaintiff need not show that all or multiple female employees were sexually harassed; "discrimination against the plaintiff because of her membership in the class is by itself enough." King, 898 F.2d at 539; see also Trautvetter, 916 F.2d at 1151.

Urian's motion focuses on the second prong -- whether he intentionally harassed Figueroa based on her gender. In support of her § 1983 claim of sexual harassment, Figueroa introduced evidence that, among other things, Urian: (1) kissed her while putting his tongue in her mouth, after

2

which she pushed him away and told him to stop while screaming, Figueroa Testimony, Tr. 5/9/2000 at 27; (2) kissed and caressed her while grabbing her until she screamed for help, id. at 30-31; and (3) forced her to accompany him on a series of errands during which he told her he wished to have an affair with her, id. at 35-60. Although the evidence may initially appear to be evidence of sexual harassment (as opposed to evidence of the underlying motivation for that harassment), Seventh Circuit precedent demonstrates this evidence is sufficient to support an inference of gender-based intent for the harassment.

In <u>King v. Board of Regents of the University of Wisconsin System</u>, 898 F.2d 533 (7th Cir. 1990), the plaintiff, a female university professor, introduced evidence that a male dean directed sexually suggestive innuendos and comments toward her, touched and rubbed her body in a sexually suggestive manner, and forcibly kissed and fondled her. The plaintiff also introduced evidence that these actions were unwelcome. The dean argued that the harassment was not gender-based, but was instead motivated by his desire for the plaintiff as an individual. <u>King</u>, 898 F.2d at 539. In affirming the jury's verdict in favor of the plaintiff, the Seventh Circuit concluded the evidence supported an inference that the dean's conduct was motivated by an intent to harass based on gender. The court reasoned that the dean's actions were based on gender because he wished to have a sexual affair and his actions were "motivated by his libido" and "not consistent with platonic love." <u>King</u>, 898 F.2d at 539. The court determined that "treatment of an individual based on sexual desire . . . affirmatively establishes" intent to harass based on sex. Id.

The facts of this case are very similar to those in <u>King</u>. Like the defendant in <u>King</u>, the evidence shows Urian engaged in acts of harassment clearly sexual in nature. Urian expressed a desire to have an affair with Figueroa, thereby supporting an inference that his actions were motivated by

3

Figueroa's sex. King, 898 F.2d at 539.[1] In contrast, the facts differ substantially from those in Trautvetter, where the court determined there was no genuine issue of fact as to whether the plaintiff was harassed because of her gender. In Trautvetter, the plaintiff, a female school teacher, sued her male supervisor for sexual harassment under § 1983. However, the evidence revealed that the plaintiff and defendant participated in a largely consensual period of courtship that culminated in an adulterous sexual relationship. While the plaintiff initially "politely" declined the defendant's advances, she eventually responded to the defendant's romantic suggestions. Trautvetter, 916 F.2d at 1142-44. The plaintiff did not introduce evidence that she told the defendant his advances were inappropriate, and the evidence showed the plaintiff actively participated in the relationship. Id. Only after the parties had their first sexual encounter did the plaintiff decide to end the relationship. Id. at 1144. Evidence showed the plaintiff then expressed remorse for having hurt her family by pursuing the affair. Id. at 1145.

Thus, Trautvetter differs from the circumstances of this case. Here, the evidence supports a reasonable inference of unwelcome sexual harassment based on gender as opposed to welcome acts of courtship based on the defendant's affection for the plaintiff. Urian points to no evidence showing that Figueroa actively participated in or encouraged the encounters. Urian counters that the purported evidence of harassment shows only that he may have attempted to develop an intimate relationship with Figueroa based upon a characteristic personal to her – namely, a preexisting friendship between himself and Figueroa. Specifically, Urian contends that he and Figueroa at one time enjoyed a close personal friendship during which their respective families frequently attended social events and parties

---

[1] Urian does not argue that his actions were motivated by Figueroa's particular sexual characteristics. But even if he did, this would not negate an inference of gender-based intent. King, 898 F.2d at 539.

4

together. Urian notes he and his wife served as godparents to one of Figueroa's children. Urian argues these characteristics particular to Figueroa – that she happened to be a woman with whom he had a close personal and familial relationship in the past – motivated his actions.

However, Figueroa contends the alleged friendship was really between Urian and her husband, not Urian and herself. And even if Urian and Figueroa enjoyed a friendship, Urian fails to articulate how this purported friendship motivated his conduct. The evidence supports an inference that Urian harassed Figueroa, not that he simply "attempted to become more intimate with her than the friendship level to which she was accustomed." Mot. for Judgment as a Matter of Law, at 4. A preexisting friendship, without more, does not explain acts of sexual harassment. Indeed, friendship is inconsistent with harassment. See King, 898 F.2d at 539.

Urian points to Huebschen v. Department of Health and Social Services, 716 F.2d 1167 (7th Cir. 1983) and Keppler v. Hinsdale Township High School District 86, 715 F. Supp. 862 (N.D. Ill. 1989), a case following Huebschen. However, Huebschen is inapposite. In Huebschen, the plaintiff had a friendship with the defendant, his supervisor, that developed into a consensual romantic relationship including consensual sex. A week after plaintiff told the defendant he wished to end the sexual relationship and return to being simply her friend, the defendant recommended his termination. The plaintiff claimed the defendant intentionally discriminated against him because of his gender. The Seventh Circuit disagreed, concluding that the plaintiff's gender "was merely coincidental to [the defendant's] action." Id. at 1172. The court found that the defendant's motivation in recommending the plaintiff's termination was not that he was a male, "but that he was a former lover who had jilted her." Id. at 1172. The court remarked that if there was a class of persons the defendant sought to

discriminate against, it was not the class of all men, but only those men with whom she sought or had a romantic affair. Id. at 1172.

The facts of Huebschen differ from those of this case in two important respects. First, the discriminatory act in Huebschen was the defendant's decision to recommend the plaintiff's termination. That act, standing alone, was not probative of discrimination based on the plaintiff's sex. In contrast, Urian's discriminatory acts -- his sexual harassment -- are by their nature probative of gender-based motivation. King, 898 F.2d at 539. Second, the relevant personal characteristic of the plaintiff in Huebschen was his rejection of the defendant. It was plausible that this rejection hurt the defendant emotionally and caused her to engage in the discriminatory act (recommending the plaintiff's termination). Moreover, the plaintiff offered no evidence showing the defendant's action could be attributed to other causes. Here, however, Urian fails to articulate how a preexisting friendship caused his sexual conduct toward Figueroa and resulted in the unwelcomed kissing, touching, and a request for an affair. Urian fails to show the jury's verdict was not based on reasonable inferences taken from Figueroa's evidence. Accordingly, his motion for judgment as a matter of law must be denied.

## CONCLUSION

Urian's motion for judgment as a matter of law is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 20, 2000